## JAMES DONNELLY *vs.* ELIJAH FITCH.

Middlesex.    Jan. 15. — Feb. 28, 1884.    C. ALLEN & HOLMES, JJ., absent.

In an action for personal injuries occasioned to the plaintiff, while travelling on a highway, by the running of the defendant's horse, if the plaintiff contends that the running was caused by the defendant's negligent management of the horse, and puts in evidence that, about a year and a half before the accident, the horse had been frightened and had run away, the defendant may introduce expert testimony to show that a horse which has been frightened and has run, and has not run again for a year and a half, does not require any more care than it otherwise would require.

TORT for personal injuries. Answer, a general denial. Trial in the Superior Court, before *Barker*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff was injured, while travelling on the highway between Ashland and Hopkinton, by the running of the horses of the defendant, caused, as the plaintiff contended, by the defendant's negligent management of the same.

The plaintiff offered evidence tending to show that, about a year and a half before the accident, one of the defendant's horses had been frightened and had run away.

The defendant offered two witnesses, who testified that they were farmers, and that as such they had for a number of years had the care, training, and common use of horses, and breaking of colts, for their own use; and also one other witness, who testified that he had been employed by a horse-railroad company to train and fit the horses for drawing the cars of the company, and had occasionally seen the horses of the defendant driven by different persons. The defendant then asked each of these witnesses, if, from their knowledge of horses, a horse which had been frightened and had run, and had not run again for a period of more than a year and a half, required any more care than it

otherwise would have required. To this question each witness answered, "It would not."

. The plaintiff objected to the admission of any expert testimony upon the question of the care requisite under the supposed circumstances, on the ground that it was common knowledge, and not a question of skill, science, or peculiar knowledge. No question was raised as to the qualification of the witnesses who testified, or to the form of the question. The judge ruled that it was a matter upon which expert testimony was admissible.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*L. H. Wakefield*, for the plaintiff.

*A. Hemenway*, for the defendant.

COLBURN, J. The plaintiff having offered evidence tending to show that, about a year and a half before the injuries for which the action was brought, one of the horses which the defendant was driving at the time of the accident had been frightened and had run away, it was competent for the defendant to show that this fact would not affect the horse at the time of the accident.

Whether a horse which had been frightened and had run away, and had not run again for a year and a half, was any more likely to run than if he had not run before, was not, we think, a matter of common knowledge, and not unlikely to be a matter upon which the jurors, or most of them, had had no experience, and had no knowledge. This being so, it was competent for the defendant to call witnesses who had had especial and extended experience with horses, to express opinions upon the subject, based upon their experience.

The witnesses were not asked, and did not express opinions, as to the care the defendant used, or ought to have used, at the time of the accident. They were only asked whether a horse, which had been frightened and had run, and had not run again for more than a year and a half, required any more care than it otherwise would; which was merely another form of asking whether, in the case supposed, such a horse was any more likely to run again than if it had not run before.

*Exceptions overruled.*